IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BOEHRINGER INGELHEIM                )
PHARMACEUTICALS INC.,               )
BOEHRINGER INGELHEIM                )
INTERNATIONAL GMBH and              )
BOEHRINGER INGELHEIM PHARMA         )
GMBH & CO. KG,                      )
                                    )
          Plaintiffs,               )
                                    )
     v.                             )     C.A. No. _____
                                    )
CENTAUR PHARMACEUTICALS PVT.        )
LTD.,                               )
                                    )
          Defendant.                )

## COMPLAINT

Plaintiffs Boehringer Ingelheim Pharmaceuticals Inc.; Boehringer Ingelheim International GmbH; and Boehringer Ingelheim Pharma GmbH & Co. KG (collectively, "Boehringer" or "Plaintiffs"), by their undersigned attorneys, for their Complaint against Defendant Centaur Pharmaceuticals Pvt. Ltd., hereby allege as follows:

## NATURE OF THE ACTION

1.       This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendant's submission of an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of Plaintiffs' TRADJENTA® (linagliptin) tablets prior to the expiration of United States Patent Nos. 9,486,526, 10,034,877, 11,033,552, and 11,911,388.

**THE PARTIES**

2.  Plaintiff Boehringer Ingelheim Pharmaceuticals Inc. ("BIPI") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Rd., Ridgefield, CT 06877.

3.  Plaintiff Boehringer Ingelheim International GmbH ("BII") is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim am Rhein, Germany.

4.  Plaintiff Boehringer Ingelheim Pharma GmbH & Co. KG ("BIPKG") is a limited liability partnership organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim am Rhein, Germany.

5.  BIPI, BII, and BIPKG are collectively referred to hereinafter as "Boehringer" or "Plaintiffs."

6.  On information and belief, Defendant Centaur Pharmaceuticals Pvt. Ltd. ("Centaur") is a company organized and existing under the laws of India, having a principal place of business at Centaur House, Near Grand Hyatt, Vakola, Santacruz, East, Mumbai 400 055, India.

7.  Centaur is referred to hereinafter as "Centaur" or "Defendant."

8.  On information and belief, Centaur is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within Delaware, through its own actions and through the actions of its agents and subsidiaries, from which Centaur derives a substantial portion of its revenue.

9.  On information and belief, Centaur prepared and submitted ANDA No. 221520 (the "Centaur ANDA") for Centaur's 5 mg linagliptin tablets (the "Centaur ANDA Product").

2

10.     On information and belief, Centaur intends to commercially manufacture, market, offer for sale, and sell the Centaur ANDA Product throughout the United States, including in the State of Delaware, in the event the FDA approves the Centaur ANDA.

## JURISDICTION AND VENUE

11.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

12.     Venue is proper in this Court as to Centaur because, among other things, Centaur is an Indian corporation not residing in any United States district and may be sued in any judicial district. 28 U.S.C. § 1391(c). Moreover, Centaur has previously availed itself of the legal protections of this district by, among other things, admitting or waiving objections to jurisdiction and/or asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware. *See, e.g.*, *Amgen Inc. et al. v. Centaur Pharmaceuticals Private Ltd.*, C.A. 20-123-CFC, D.I. 8 (D. Del. Mar. 27, 2020).

## PERSONAL JURISDICTION OVER CENTAUR

13.     Plaintiffs reallege and incorporate by reference paragraphs 1–12 as if fully set forth herein.

14.     On information and belief, Centaur develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

15.     This Court has personal jurisdiction over Centaur because, *inter alia*, Centaur, on information and belief, (1) has substantial, continuous, and systematic contacts with this State either directly or through at least one of its wholly-owned subsidiaries or agents; (2) intends to market, sell, and/or distribute Centaur's infringing ANDA Product to residents of this State upon approval of ANDA No. 221520, either directly or through at least one of its wholly-owned

subsidiaries or agents; and (3) enjoys substantial income from sales of its generic pharmaceutical product in this State on its own and through its agents.

16.     Additionally, Centaur has previously availed itself of the legal protections of the State of Delaware, by admitting or waiving objections to jurisdiction and/or asserting counterclaims in lawsuits filed in the United States District Court for the District of Delaware. *See, e.g.*, *Amgen Inc. et al. v. Centaur Pharmaceuticals Private Ltd.*, C.A. 20-123-CFC, D.I. 8 (D. Del. Mar. 27, 2020).

17.     Alternatively, to the extent the above facts do not establish personal jurisdiction over Centaur, this Court may exercise jurisdiction over Centaur pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Centaur would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Centaur has sufficient contacts with the United States as a whole, including, but not limited to, filing an ANDA with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Centaur satisfies due process.

## THE PATENTS-IN-SUIT

### U.S. PATENT NO. 9,486,526

18.     On November 8, 2016, the PTO duly and legally issued United States Patent No. 9,486,526 (the "'526 Patent") entitled "Treatment for Diabetes in Patients Inappropriate for Metformin Therapy" to inventors Klaus Dugi, Eva Ulrike Graefe-Mody, Ruth Harper, and Hans-Juergen Woerle. A true and correct copy of the '526 Patent is attached as Exhibit 1. Boehringer is the owner of all right, title and interest to the '526 Patent, including the right to sue for infringement.

**U.S. PATENT NO. 10,034,877**

19.     On July 31, 2018, the PTO duly and legally issued United States Patent No. 10,034,877 (the "'877 Patent") entitled "Treatment for Diabetes in Patients Inappropriate for Metformin Therapy" to inventors Klaus Dugi, Eva Ulrike Graefe-Mody, Ruth Harper, and Hans-Juergen Woerle. A true and correct copy of the '877 Patent is attached as Exhibit 2. Boehringer is the owner of all right, title and interest to the '877 Patent, including the right to sue for infringement.

**U.S. PATENT NO. 11,033,552**

20.     On June 15, 2021, the PTO duly and legally issued United States Patent No. 11,033,552 (the "'552 Patent") entitled "DPP IV Inhibitor Formulations" to inventors Anja Kohlrausch, Patrick Romer, and Gerd Seiffert. A true and correct copy of the '552 Patent is attached as Exhibit 3. Boehringer is the owner of all right, title and interest to the '552 Patent, including the right to sue for infringement.

**U.S. PATENT NO. 11,911,388**

21.     On February 27, 2024, the PTO duly and legally issued United States Patent No. 11,911,388 (the "'388 Patent") entitled "Treatment for Diabetes in Patients with Insufficient Glycemic Control Despite Therapy with an Oral or Non-oral Antidiabetic Drug" to inventors Eva Ulrike Graefe-Mody, Thomas Klein, Michael Mark, and Hans-Juergen Woerle. A true and correct copy of the '388 Patent is attached as Exhibit 4. Boehringer is the owner of all right, title and interest to the '388 Patent, including the right to sue for infringement.

**TRADJENTA®**

22.     BIPI is the holder of New Drug Application ("NDA") No. 201280 (the "TRADJENTA® NDA") for linagliptin, for oral use, in 5 mg dosage, which is sold under the trade name TRADJENTA®.

23. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '526 Patent is listed in the "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to TRADJENTA®.

24. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '877 Patent is listed in the Orange Book with respect to TRADJENTA®.

25. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '552 Patent is listed in the Orange Book with respect to TRADJENTA®.

26. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '388 Patent is listed in the Orange Book with respect to TRADJENTA®.

27. The '526 Patent covers the TRADJENTA® product and the use thereof.

28. The '877 Patent covers the TRADJENTA® product and the use thereof.

29. The '552 Patent covers the TRADJENTA® product and the use thereof.

30. The '388 Patent covers the TRADJENTA® product and the use thereof.

## ACTS GIVING RISE TO THIS ACTION

31. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–30 as if fully set forth herein.

32. On information and belief, Centaur submitted the Centaur ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Centaur ANDA Product.

33. The Centaur ANDA refers to and relies upon the TRADJENTA® NDA and contains data that, according to Centaur, demonstrates the bioavailability or bioequivalence of the Centaur ANDA Product to TRADJENTA®.

34. Plaintiffs received a letter from Centaur on or about June 11, 2026, stating that Centaur had included a certification in the Centaur ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '526, '877, '552, and '388 Patents are

6

invalid or will not be infringed by the commercial manufacture, use, or sale of the Centaur ANDA Product (the "Centaur Paragraph IV Certification"). Therefore, Centaur intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Centaur ANDA Product prior to the expiration of the '526, '877, '552, and '388 Patents.

35.     Centaur does not provide substantive reasons as to why the Centaur ANDA Product will not infringe the claims of the '526, '877, and '388 Patents in the Centaur letter.

36.     Centaur's Paragraph IV letter includes very limited information about the nature and form of the Centaur ANDA Product, including little to no information regarding how the Centaur ANDA Product is manufactured or the amounts and ingredients of such Product.

37.     The Centaur Paragraph IV Certification offered confidential access to unspecified portions of the Centaur ANDA ("Offer of Confidential Access" or "OCA") on terms and conditions set by Centaur. Centaur requested that Boehringer accept the terms of the OCA before receiving access to the unspecified portions of the Centaur ANDA.

38.     Under 21 U.S.C. § 355(c)(3)(D)(i)(III), an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information."

39.     Since receiving the Centaur Letter, Boehringer has attempted to negotiate with Centaur to obtain a copy of the Centaur ANDA. These negotiations were unsuccessful. Centaur refused to provide its ANDA to Boehringer on reasonable terms.

40.     Under the Hatch-Waxman Act, an owner of a patented drug must file an action in federal court within 45 days of receiving a Paragraph IV letter in order to receive certain benefits under the Act, including a stay of approval of the generic drug for 30 months during the pendency

7

of litigation, as appropriate. 21 U.S.C. § 355(c)(3)(C). Centaur's refusal to produce its ANDA has hindered Boehringer's ability to consider information that is relevant to its infringement analysis of the '526, '877, '552, and '388 Patents. *See Hoffman-La Roche, Inc. v. Invamed, Inc.*, 213 F.3d 1359, 1363–64 (Fed. Cir. 2000).

41.    Provided here as a representative claim for exemplary purposes, claim 1 of the '526 Patent recites: "A method for treating and/or preventing type 2 diabetes mellitus in a patient having moderate or severe chronic renal impairment or end-stage renal disease comprising orally administering to the patient a DPP-4 inhibitor, which is 1-[(4-methyl-quinazolin-2-yl)methyl]-3-methyl-7-(2-butyn-1-yl)-8-(3-(R)-amino-piperidin-1-yl)-xanthine    or    a    pharmaceutically acceptable salt thereof, wherein said DPP-4 inhibitor is administered in an oral dose of 5 mg per day to said patient, wherein metformin therapy for said patient is ineligible due to contraindication against metformin."

42.    On information and belief, the Centaur ANDA Product, when used in accordance with the instructions provided in the prescribing label included in the Centaur ANDA, will cause healthcare providers or clinicians to practice a method for treating and/or preventing type 2 diabetes mellitus in patients with moderate or severe chronic renal impairment or end-stage renal disease by administering an oral 5 mg dose per day of linagliptin to the patient that is ineligible for metformin due to contraindication against metformin.

43.    Provided here as a representative claim for exemplary purposes, claim 1 of the '877 Patent recites: "A method of treating metabolic diseases in a patient for whom metformin therapy is inappropriate due to at least one contraindication against metformin comprising orally administering to the patient 5 mg of 1-[(4-methyl-quinazolin-2-yl)methyl]-3-methyl-7-(2-butyn-1-yl)-8-(3-(R)-amino-piperidin-1-yl)-xanthine per day wherein the contraindication is selected

from the group consisting of: renal disease, renal impairment or renal dysfunction, unstable or acute congestive heart failure, acute or chronic metabolic acidosis, and hereditary galactose intolerance, wherein no adjustment of the daily dose is required for 1-[(4-methyl-quinazolin-2-yl)methyl]-3-methyl-7-(2-butyn-1-yl)-8-(3-(R)-amino-piperidin-1-yl)-xanthine in a patient with mild, moderate or severe renal impairment or end-stage renal disease."

44.    On information and belief, the Centaur ANDA Product, when used in accordance with the instructions provided in the prescribing label included in the Centaur ANDA, will cause healthcare providers or clinicians to practice a method for treating and/or preventing metabolic diseases in a patient with renal disease, renal impairment, or renal dysfunction for whom metformin therapy is inappropriate, by administering linagliptin without dose adjustment.

45.    Provided here as a representative claim for exemplary purposes, claim 1 of the '552 Patent recites:

> 1. A solid-form pharmaceutical composition comprising as an active ingredient 5 mg of a DPP IV inhibitor compound of formula

> or a salt thereof, a first diluent, a second diluent, a binder, a disintegrant and a lubricant, wherein the first diluent is mannitol, the second diluent is pregelatinized starch, the binder is copovidone, the disintegrant is corn starch, and the lubricant is magnesium stearate; and wherein the DPP IV inhibitor compound is present in an amount 0.5-7.0% based on the total weight of DPP IV inhibitor compound, first diluent, second diluent, binder, disintegrant and lubricant.

46.    On information and belief, the Centaur ANDA Product, when offered for sale, sold, manufactured, used, and/or imported, would be a solid-form pharmaceutical composition comprising as an active ingredient 5 mg of the DPP IV inhibitor linagliptin, and comprising a first

diluent, a second diluent, a binder, a disintegrant, and a lubricant, such that it would directly infringe at least one of the claims of the '552 Patent either literally or under the doctrine of equivalents.

47.     Provided here as a representative claim for exemplary purposes, claim 1 of the '388 Patent recites: "1. A method for treating metabolic diseases in type 2 diabetes patients with renal impairment and with insufficient glycemic control despite either metformin monotherapy or therapy with metformin in combination with an insulin or an insulin analogue, the method comprising administering a DPP-4 inhibitor which is 1-[(4-methyl-quinazolin-2-yl)methyl]-3-methyl-7-(2-butyn-1-yl)-8-(3-(R)-amino-piperidin-1-yl)-xanthine,    or    a    pharmaceutically acceptable salt thereof, in an oral daily amount of 5 mg, wherein said 1-[(4-methyl-quinazolin-2-yl)methyl]-3-methyl-7-(2-butynl-yl)-8-(3-(R)-amino-piperidin-1-yl)-xanthine,    or    a pharmaceutically acceptable salt thereof, is used in combination with either metformin monotherapy or metformin in combination with an insulin or an insulin analogue."

48.     On information and belief, the Centaur ANDA Product, when used in accordance with the instructions provided in the prescribing label included in the Centaur ANDA, will cause healthcare providers or clinicians to practice a method of treating metabolic diseases in type 2 diabetes patients with renal impairment and with insufficient glycemic control despite either metformin monotherapy or therapy with metformin in combination with an insulin or an insulin analogue by administering linagliptin.

### COUNT I — INFRINGEMENT OF THE '526 PATENT

49.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–48 as if fully set forth herein.

50.     On information and belief, Centaur has infringed at least one claim of the '526 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Centaur

ANDA, by which Centaur seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Centaur ANDA Product prior to the expiration of the '526 Patent. *See Sunovion Pharms., Inc. v. Teva Pharms. USA, Inc.*, 731 F.3d 1271, 1278 (Fed. Cir. 2013).

51.     Centaur has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Centaur ANDA Product in the event that the FDA approves the Centaur ANDA. Accordingly, an actual and immediate controversy exists regarding Centaur's infringement of the '526 Patent under 35 U.S.C. § 271(b).

52.     Centaur's manufacture, use, offer to sell, or sale of the Centaur ANDA Product in the United States or importation of the Centaur ANDA Product into the United States during the term of the '526 Patent would further infringe at least one claim of the '526 Patent under 35 U.S.C. § 271(b).

53.     On information and belief, the Centaur ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '526 Patent either literally or under the doctrine of equivalents.

54.     On information and belief, Centaur had actual knowledge of the '526 Patent as demonstrated by Centaur's Paragraph IV Certification directed to the '526 Patent. On information and belief, Centaur's proposed prescribing label for the Centaur ANDA Product affirmatively instructs healthcare providers to use the Centaur ANDA Product in a manner that would directly infringe at least one of the claims of the '526 Patent, either literally or under the doctrine of equivalents. By including such instructions in its proposed label, Centaur has taken active steps to encourage direct infringement of the '526 Patent with knowledge that the induced acts constitute patent infringement.

55.    On information and belief, Centaur's proposed label affirmatively instructs healthcare providers to use the Centaur ANDA Product for the patented methods of use claimed in the '526 Patent. By including these affirmative instructions, the offering to sell, sale, and/or importation of the Centaur ANDA Product by Centaur would actively induce infringement of at least one of the claims of the '526 Patent, either literally or under the doctrine of equivalents.

56.    Plaintiffs will be substantially and irreparably harmed if Centaur is not enjoined from infringing the '526 Patent.

57.    This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

**COUNT II — INFRINGEMENT OF THE '877 PATENT**

58.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–57 as if fully set forth herein.

59.    On information and belief, Centaur has infringed at least one claim of the '877 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Centaur ANDA, by which Centaur seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Centaur ANDA Product prior to the expiration of the '877 Patent. *See Sunovion Pharms., Inc. v. Teva Pharms. USA, Inc.*, 731 F.3d 1271, 1278 (Fed. Cir. 2013).

60.    Centaur has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Centaur ANDA Product in the event that the FDA approves the Centaur ANDA. Accordingly, an actual and immediate controversy exists regarding Centaur's infringement of the '877 Patent under 35 U.S.C. § 271(b).

61.    Centaur's manufacture, use, offer to sell, or sale of the Centaur ANDA Product in the United States or importation of the Centaur ANDA Product into the United States during the

term of the '877 Patent would further infringe at least one claim of the '877 Patent under 35 U.S.C. § 271(b).

62.     On information and belief, the Centaur ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '877 Patent either literally or under the doctrine of equivalents.

63.     On information and belief, Centaur had actual knowledge of the '877 Patent, as demonstrated by Centaur's Paragraph IV Certification directed to the '877 Patent. On information and belief, Centaur's proposed prescribing label for the Centaur ANDA Product affirmatively instructs healthcare providers to use the Centaur ANDA Product in a manner that would directly infringe at least one of the claims of the '877 Patent, either literally or under the doctrine of equivalents. By including such instructions in its proposed label, Centaur has taken active steps to encourage direct infringement of the '877 Patent with knowledge that the induced acts constitute patent infringement.

64.     On information and belief, Centaur's proposed label affirmatively instructs healthcare providers to use the Centaur ANDA Product for the patented methods of use claimed in the '877 Patent. By including these affirmative instructions, the offering to sell, sale, and/or importation of the Centaur ANDA Product by Centaur would actively induce infringement of at least one of the claims of the '877 Patent, either literally or under the doctrine of equivalents.

65.     Plaintiffs will be substantially and irreparably harmed if Centaur is not enjoined from infringing the '877 Patent.

66.     This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

## COUNT III — INFRINGEMENT OF THE '552 PATENT

67.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–66.

68.     On information and belief, Centaur has infringed at least one claim of the '552 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Centaur ANDA, by which Centaur seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Centaur ANDA Product prior to the expiration of the '552 Patent. *See Sunovion Pharms., Inc. v. Teva Pharms. USA, Inc.*, 731 F.3d 1271, 1278 (Fed. Cir. 2013).

69.     Centaur has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Centaur ANDA Product in the event that the FDA approves the Centaur ANDA. Accordingly, an actual and immediate controversy exists regarding Centaur's infringement of the '552 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

70.     On information and belief, by submitting its ANDA to the FDA, Centaur has represented that the Centaur ANDA Product is bioequivalent to TRADJENTA®.

71.     Centaur's manufacture, use, offer to sell, or sale of the Centaur ANDA Product in the United States or importation of the Centaur ANDA Product into the United States during the term of the '552 Patent would further infringe at least one claim of the '552 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

72.     On information and belief, the Centaur ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '552 Patent either literally or under the doctrine of equivalents.

73.     On information and belief, the use of the Centaur ANDA Product constitutes a material part of at least one of the claims of the '552 Patent; Centaur knows that its ANDA Product is especially made or adapted for use in infringing at least one of the claims of the '552 Patent,

14

either literally or under the doctrine of equivalents; and its ANDA Product is not a staple article of commerce or commodity of commerce suitable for substantial noninfringing use.

74. On information and belief, the offering to sell, sale, and/or importation of the Centaur ANDA Product into the United States would contributorily infringe at least one of the claims of the '552 Patent, either literally or under the doctrine of equivalents.

75. On information and belief, Centaur had actual knowledge of the '552 Patent as demonstrated by Centaur's Paragraph IV Certification directed to the '552 Patent. On information and belief, Centaur has chosen to emulate TRADJENTA® by substantially copying its labeling and indications. Accordingly, Centaur knew or should have known that distribution of the Centaur ANDA Product would induce infringement of at least one of the claims of the '552 Patent.

76. On information and belief, Centaur will induce infringement of at least one of the claims of the '552 Patent by distributing the Centaur ANDA Product with labeling that instructs healthcare providers and patients how to use the Centaur ANDA Product, thereby causing direct infringement of at least one of the claims of the '552 Patent, either literally or under the doctrine of equivalents. Specifically, on information and belief, Centaur will knowingly distribute the Centaur ANDA Product to third parties, including healthcare providers and patients, who will then use, sell, offer to sell, or distribute the Centaur ANDA Product in a manner that directly infringes at least one of the claims of the '552 Patent. On information and belief, Centaur's proposed ANDA label includes instructions for use such that healthcare providers and patients using the Centaur ANDA Product as directed would directly infringe at least one of the claims of the '552 Patent, either literally or under the doctrine of equivalents. By including such instructions in its proposed label, Centaur has taken active steps to encourage direct infringement of the '552 Patent with knowledge that the induced acts constitute patent infringement. Accordingly, the offering to sell,

15

sale, and/or importation of the Centaur ANDA Product into the United States by Centaur would actively induce infringement of at least one of the claims of the '552 Patent, either literally or under the doctrine of equivalents.

77.     Plaintiffs will be substantially and irreparably harmed if Centaur is not enjoined from infringing the '552 Patent.

78.     This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

### COUNT IV — INFRINGEMENT OF THE '388 PATENT

79.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1–78 as if fully set forth herein.

80.     On information and belief, Centaur has infringed at least one claim of the '388 Patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Centaur ANDA, by which Centaur seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Centaur ANDA Product prior to the expiration of the '388 Patent. *See Sunovion Pharms., Inc. v. Teva Pharms. USA, Inc.*, 731 F.3d 1271, 1278 (Fed. Cir. 2013).

81.     Centaur has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Centaur ANDA Product in the event that the FDA approves the Centaur ANDA. Accordingly, an actual and immediate controversy exists regarding Centaur's infringement of the '388 Patent under 35 U.S.C. § 271(b).

82.     Centaur's manufacture, use, offer to sell, or sale of the Centaur ANDA Product in the United States or importation of the Centaur ANDA Product into the United States during the term of the '388 Patent would further infringe at least one claim of the '388 Patent under 35 U.S.C. § 271(b).

16

83. On information and belief, the Centaur ANDA Product, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '388 Patent either literally or under the doctrine of equivalents.

84. On information and belief, Centaur had actual knowledge of the '388 Patent as demonstrated by Centaur's Paragraph IV Certification directed to the '388 Patent. On information and belief, Centaur's proposed prescribing label for the Centaur ANDA Product affirmatively instructs healthcare providers to use the Centaur ANDA Product in a manner that would directly infringe at least one of the claims of the '388 Patent, either literally or under the doctrine of equivalents. By including such instructions in its proposed label, Centaur has taken active steps to encourage direct infringement of the '388 Patent with knowledge that the induced acts constitute patent infringement.

85. On information and belief, Centaur's proposed label affirmatively instructs healthcare providers to use the Centaur ANDA Product for the patented methods of use claimed in the '388 Patent. By including these affirmative instructions, the offering to sell, sale, and/or importation of the Centaur ANDA Product by Centaur would actively induce infringement of at least one of the claims of the '388 Patent, either literally or under the doctrine of equivalents.

86. Plaintiffs will be substantially and irreparably harmed if Centaur is not enjoined from infringing the '388 Patent.

87. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Boehringer's reasonable attorney fees.

### **Prayer For Relief**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Centaur and for the following relief:

a. A Judgment be entered that Centaur has infringed at least one claim of the '526 Patent by submitting the Centaur ANDA;

b. A Judgment be entered that Centaur has infringed at least one claim of the '877 Patent by submitting the Centaur ANDA;

c. A Judgment be entered that Centaur has infringed at least one claim of the '388 Patent by submitting the Centaur ANDA;

d. A Judgment be entered that Centaur has infringed at least one claim of the '552 Patent by submitting the Centaur ANDA;

e. A Judgment that the manufacture, use, sale, offering to sell within the United States, or importation into the United States, of the Centaur ANDA Product prior to the expiration of the '526, '877, '552, and '388 Patents would infringe those patents under one or more of 35 U.S.C. §§ 271(a), (b), and/or (c), as applicable.

f. A Judgment be entered that Centaur, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined from: (i) engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs or methods of administering drugs claimed in the '526, '877, '552, and '388 Patents, and (ii) seeking, obtaining or maintaining approval of its ANDA until the expiration of the '526, '877, '552, and '388 Patents or such other later time as the Court may determine;

g. A Judgment be entered ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the Centaur ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest

of the expiration date of the '526, '877, '552, and '388 Patents, including any extensions;

h. That Boehringer be awarded monetary relief if Centaur manufactures, uses, offers to sell, or sells the Centaur ANDA Product within the United States, or imports the Centaur ANDA Product into the United States, prior to the expiration of any of the '526, '877, '552, and '388 Patents, including any extensions, and that any such monetary relief be awarded to Boehringer with prejudgment interest;

i. A Judgment be entered that this case is exceptional, and that Plaintiffs are entitled to their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

j. Costs and expenses in this action; and

k. Such other and further relief as the Court deems just and appropriate.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

OF COUNSEL:

Jeanna M. Wacker
Ashley Ross
Eliana Applebaum
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4679

Bryan S. Hales
Gregory Sanford
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
(312) 862-2000

July 20, 2026

Brian P. Egan (#6227)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
began@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*

19